UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:18-cr-162-J-39MCR

MOHAMMAD ABDUL MALEK  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

**O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

  ☒ FACTORS CONSIDERED

Malek is a 69-year-old inmate incarcerated at Butner FMC, serving a 120-month term of imprisonment for attempted online enticement of a minor to engage in illegal sexual activity. (Doc. 48, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on March 5, 2027. Malek seeks compassionate release because of the Covid-19 pandemic and because he has several illnesses and medical conditions. Those conditions include a spinal cord injury secondary to a fracture

---

[1] The Court assumes that Malek's submission of a request in August 2019 for compassionate release was sufficient to satisfy the statutory exhaustion requirement. (See Doc. 76-1).

of the T10 vertebra, type 2 diabetes, hyperlipidemia, polyneuropathy, hypertension, gastro-esophageal reflux disease, ankylosing spondylitis, and depression. According to Malek and his BOP records, he spends the majority of his day in a bed or wheelchair. (See Doc. 74 at 2; Doc. 74-1 at 3).

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The United States concedes "that the documentation submitted by the defendant supports that he has a history of his asserted medical conditions, that he is bound to a wheelchair, and also that he requires assistance to perform many daily tasks including eating, bathing, dressing, and other similar tasks." (Doc. 76, Response at 7 (citing Doc. 74-1)). Thus, the Court finds that Malek has demonstrated extraordinary and compelling circumstances under U.S.S.G. § 1B1.13, cmt. 1(A)(ii).

Nevertheless, the Court concludes that the § 3553(a) factors do not support a reduction in sentence. Although Malek is in a debilitated medical condition, the Court lacks reason to believe at this time that the staff at Butner FMC – which is a dedicated medical facility – cannot adequately provide for Malek's medical needs. While Malek alleges that the Butner facilities have not taken adequate precautions against Covid-19,

2

he acknowledges that Butner FMC has modified its operations in an effort to contain the spread of the virus. (See Doc. 74 at 4-5).

Moreover, Malek was convicted of an inherently serious crime: attempting to entice a minor over the internet to engage in illegal sexual activity. As detailed in the Plea Agreement's factual basis (Doc. 31 at 19-31), Malek responded to an ad posted on Craigslist by an undercover officer posing as a 13-year-old girl. The "girl" told Malek she was "almost 14," and Malek represented that he was 50 years old. (Id. at 20). The conversations between Malek and the girl turned sexually explicit, with Malek stating that he would teach the girl how to have sex. Malek eventually drove from Orlando to Jacksonville thinking he would rendezvous with the girl while her grandmother was away, at which point Malek was arrested. (Id. at 18, 31). When the arresting officers conducted an inventory of Malek's vehicle, they discovered a male sexual performance enhancer. (Id. at 31). Malek admitted that he believed the girl he had been speaking with was 13 years old, and that he intended to engage in sexual activity with her. (Id. at 17-18; Doc. 67, Plea Transcript at 24-25).

The Court sentenced Malek to a term of 120 months (ten years) in prison, which is the mandatory minimum prison sentence under 18 U.S.C. § 2422(b). Malek has served only about two years of that sentence. When the warden of Butner FMC denied Malek's request for compassionate release, the warden explained that "given the nature and circumstances of Mr. Malek's conviction and the minimal amount of his sentence he has served, early release would minimize the severity of Mr. Malek's offense." (Doc. 76-1 at 3). The Court agrees with that statement. Releasing Malek nearly eight years early from his 10-year term of imprisonment would fail to reflect the seriousness of the offense,

promote respect for the law, or provide just punishment. 18 U.S.C. § 3553(a)(2)(A). In view of all the § 3553(a) factors, the Court concludes that granting Malek compassionate release would not be consistent with the statutory purposes of sentencing at this time.

Accordingly, Defendant Mohammad Malek's Emergency Motion for Compassionate Release (Doc. 74) is **DENIED**.[2] Defendant's request for the appointment of counsel is **DENIED** as well.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of September, 2020.

_____
BRIAN J. DAVIS
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant

---

[2] To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).